OPINION
Plaintiff-appellant Kimberly Tangeman appeals from an order holding her in contempt for failing to comply with a visitation order. She contends that the trial court abused its discretion in citing her for contempt and imposing sanctions. Essentially, she contends that the evidence in the record does not support a finding that she is in contempt.
From our review of the record, we conclude that there is evidence in the record to support the finding. Although Mrs. Tangeman has pointed to mitigating circumstances, we note that the sanction imposed was merely a three-day jail term, which the trial court indicated could be purged upon Mrs. Tangeman's subsequent compliance with the standard order of visitation. We conclude that the trial court did not abuse its discretion in imposing this sanction. Accordingly, the judgment of the trial court isAffirmed.
 I
The parties were married in 1983, and were divorced in 1997. There were two minor children, Anne Marie, and Erin Lee. Sadly, the older child, Anne Marie, passed away in August, 1999.
The judgment and decree of divorce awarded custody of the children to Mrs. Tangeman, with a standard order of visitation for Mr. Tangeman. In the beginning, Mr. Tangeman did not exercise overnight visitation, because he did not then have a home suitable for overnight visitation. He testified, however, that he did visit with his children when he could, but that it became increasingly difficult to have visitation, because Mrs. Tangeman often told him that other plans had been made.
Mr. Tangeman testified that he was never in the habit of presenting himself at Mrs. Tangeman's doorstep, at the time prescribed in the standard order of visitation. To the contrary, he always called ahead of time. At the hearing in this matter in May, 1999, Mr. Tangeman testified that he had not been allowed to have visitation with his children since Christmas, 1998.
Mr. Tangeman attempted to maintain telephonic contact with his children, but was told, by the Beavercreek police, that he was not to telephone Mrs. Tangeman's residence anymore. When Mr. Tangeman's efforts to resolve this matter through counsel failed, he filed this motion to hold Mrs. Tangeman in contempt.
Following a hearing, at which both parties testified, the trial court found Mrs. Tangeman in contempt, ordered her incarcerated for three days, and awarded Mr. Tangeman attorneys fees in the amount of $500. The trial court provided that the 3-day jail sentence would be purged if Mrs. Tangeman would begin complying with the standard order of visitation. From this order of the trial court, Mrs. Tangeman appeals.
 II
Mrs. Tangeman's sole assignment of error is as follows:
 THE TRIAL COURT ABUSED ITS DISCRETION IN FINDING THE PLAINTIFF IN CIVIL CONTEMPT AND AWARDING ATTORNEYS FEES AND COSTS TO THE DEFENDANT IN THE MATTER HEREIN.
As a preliminary matter, Mrs. Tangeman has withdrawn her objection to the manner in which attorneys fees were awarded. The parties had stipulated $500 as an appropriate amount of attorneys fees, should Mrs. Tangeman be held in contempt.
Mrs. Tangeman's argument in support of her sole assignment of error is that the facts and evidence do not support the order holding her in contempt. In making this argument, she relies upon the fact that Mr. Tangeman was not in the habit of appearing at her residence at the specified time, 5:30 p.m., to exercise visitation. However, Mr. Tangeman testified at the hearing that he was in the habit of calling first to confirm visitation. Increasingly, Mrs. Tangeman would tell him that he could not have visitation. After Christmas, 1998, he was completely unsuccessful in obtaining visitation. Mrs. Tangeman seems to believe that it is a technical defense to the contempt citation that Mr. Tangeman did not present himself at her doorstep to demand visitation. A party is not required to perform a vain and futile act. Furthermore, we commend Mr. Tangeman for telephoning in advance. We can see no reason to require him, as a condition of exercising visitation, to present himself at the prescribed time after Mrs. Tangeman has made it clear that she will not permit visitation.
Mrs. Tangeman also relies upon the fact that Mr. Tangeman had not initially sought to exercise overnight visitation in accordance with the order. Mr. Tangeman explained that this was because he did not then have a suitable residence for overnight visitation. Another factor brought up in the testimony was Mr. Tangeman `s work schedule, being six-day, and even seven-day, work weeks. The fact that Mr. Tangeman had not been exercising the visitation provided for in the standard order might, at most, have been grounds for seeking a modification of the standard order. However, Mr. Tangeman was not obliged to seek a reaffirmation of the order when it became possible and convenient for him to begin exercising visitation in accordance with its terms. The fact that he had not originally been exercising visitation in accordance with its terms did not relieve Mrs. Tangeman of her obligations pursuant to the order.
Finally, Mrs. Tangeman relies upon Mr. Tangeman's admission that he has smoked marijuana, and that he had done so during the summer of 1998. Mr. Tangeman testified that he no longer uses marijuana. More importantly, he testified that he never smokes marijuana, or abuses alcohol, in the presence of his children. There was nothing inherently incredible in this testimony, and the trial court was entitled to credit it. Accordingly, the trial court was not required to find that Mrs. Tangeman had established a defense to the standard order of visitation that compliance with that order would jeopardize the health or safety of her children.
Mrs. Tangeman also argues that she was unaware that the trial court had ordered unsupervised visitation. However, she answered the following question in the affirmative:
 Mrs. Tangeman, you were present when we were in this courtroom and it was indicated on the record and you agreed that Mr. Tangeman would have Standard Order of Visitation Option I. Correct?
From Mrs. Tangeman's supplemental response to this question, it appears that she may have been under a different impression earlier, when matters were being discussed in her attorney's office. In any event, she can hardly claim to be unaware that Mr. Tangeman was entitled to visitation — indeed, he exercised visitation up until January, 1999, when, as Mrs. Tangeman acknowledged in her testimony, she began denying him visitation.
We conclude that there is evidence in this record to support the finding of contempt, and that the sanction imposed does not constitute an abuse of discretion.
Mrs. Tangeman's sole assignment of error is overruled.
 III
Mrs. Tangeman's sole assignment of error having been overruled, the judgment of the trial court is Affirmed.
WOLFF and KERNS, JJ., concur.
(Hon. Joseph D. Kerns, Retired from the Court of Appeals, Second Appellate District, Sitting By Assignment of the Chief Justice of the Supreme Court of Ohio).
Copies mailed to:
Ronald P. Keller, Joseph W. Stadnicar, HON. JUDSON L. SHATTUCK, JR.